United States District Court
District of South Carolina
Greenville Division

| | | |
|---|---|---|
| Tekoa Tobias Glover, | ) | Civil Action No. 6:22-cv-1895-SAL-MHC |
|              Plaintiff, | ) ) ) | |
| v. | ) ) | **Order Adopting [55] Report and Recommendation** |
| United States of America, Drug Enforcement Agency, and D.E.A. Agent Farid Rajee, | ) ) ) ) ) | |
|              Defendants. | ) | |

This matter is before the court on the Report and Recommendation of Magistrate Judge Molly H. Cherry (Report), made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e) and (f) (D.S.C.). [ECF No. 55.]

Tekoa Tobias Glover (Plaintiff), proceeding pro se, filed his Complaint against the United States, the Drug Enforcement Administration,[1] and DEA Agent Farid Rajee (Defendants) seeking judicial review of the forfeitures of Wells Fargo Check #18252 (DEA Asset No. 18-DEA-643910) (check #18252) and a 2012 Infiniti QX56 (DEA Asset No. 18-DEA-642188). [ECF No. 1.] Defendants moved to dismiss the Complaint. [ECF No. 36.] The magistrate judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences of failing to adequately respond to Defendants' Motion to Dismiss. [ECF No. 38.] Plaintiff responded in opposition,[2] ECF No. 48, to which Defendants replied, ECF No. 53.

---

[1] Erroneously identified in the complaint as "Drug Enforcement Agency." The court uses the misnomer as that is how the Agency is identified in CM/ECF.

[2] Prior to responding, Plaintiff filed two Motions for Extension of Time. [ECF Nos. 40 and 44.] The magistrate judge granted both Motions. [ECF Nos. 41 and 45.]

In her Report, the magistrate judge recommends Defendants' Motion be granted in part and denied in part. She recommends granting the Motion as to the Infinity QX56 and denying it as to check #18252. [ECF No. 55 at 19.] Attached to Report was a Notice of Right to File Objections, advising the parties specific written objections to the Report "must be filed within fourteen (14) days of the date of service of this Report and Recommendation." *Id*. at 21. Objections were originally due July 5, 2023, but the magistrate judge extended the deadline to July 14, 2023. [ECF No. 64.] Another twelve days have passed since the extended deadline, and neither party has filed objections or otherwise appeared in this case. The matter is ripe for ruling.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). With no objections, the court need not explain its reasons for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 55, and incorporates the Report by reference. Accordingly, Defendants' Motion to Dismiss, ECF No. 36, is granted in part and denied in part. Defendants' Motion is GRANTED with respect to the Infinity QX56 but DENIED without prejudice as to Wells Fargo Check # 18252.

IT IS SO ORDERED.

August 9, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge