IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tekoa Tobias Glover, | ) | Case No. 6:22-cv-01895-JDA-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| United States of America; Drug Enforcement Agency; D.E.A. Agent Farid Rajaee, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on a motion to dismiss filed by Defendants United States of America and Drug Enforcement Administration[1] ("DEA") (collectively, the "Moving Defendants"). [Doc. 36.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

On June 20, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion to dismiss be granted in part and denied in part. [Doc. 55.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 21.] On August 15, 2023, Plaintiff's objections to the Report were entered on the

---

[1] As the Magistrate Judge noted, Defendant Drug Enforcement Agency, as it is listed on the docket in this case, is properly identified as Drug Enforcement Administration. [Doc. 55 at 1 n.1.]

docket[2] [Doc. 68], and on August 28, 2023, the Moving Defendants filed a reply to Plaintiff's objections [Doc. 70].[3]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

---

[2] As the Moving Defendants note [Doc. 70 at 1 n.1], Plaintiff's objections were untimely because they were due by July 14, 2023. [Doc. 64 (Text Order extending the objections deadline to July 14, 2023).] However, out of an abundance of caution for the pro se Plaintiff, the Court accepts Plaintiff's untimely objections.

[3] The Honorable Sherri A. Lydon, United States District Judge, issued an Order adopting the Report on August 9, 2023. [Doc. 66.] However, on February 5, 2024, Judge Lydon vacated the August 9, 2023, Order because of a potential conflict of interest in the matter. [Doc. 100.] The case was reassigned to the undersigned on February 16, 2024. [Doc. 107.]

## **BACKGROUND**

Plaintiff filed this action challenging the forfeitures of assets stemming from his criminal action. [Doc. 1.] More specifically, he asserts that a 2012 Infiniti QX56 (the "Vehicle") and a Wells Fargo check in the amount of $36,370.00 (the "Check") were seized in violation of his constitutional rights and the Civil Asset Forfeiture Reform Act of 2000. [*Id.* at 1, 4.] He seeks judicial review of the forfeitures under the Administrative Procedures Act and asks the Court to order the property and currency be released to him with interest added. [*Id.* at 2, 8.]

The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address Plaintiff's objections. Plaintiff was arrested on June 20, 2018. *See United States of America v. Glover*, No. 6:18-cr-00588-TMC, Doc. 46 (D.S.C. June 21, 2018).[4] On January 28, 2019, Plaintiff pled guilty to drug trafficking conspiracy and money laundering conspiracy charges. *See id.*, Docs. 362–64 (D.S.C. Jan. 28, 2019).

The Vehicle, which Plaintiff owned [Doc. 1 at 3], was judicially forfeited as part of Plaintiff's criminal case; on October 18, 2019, the sentencing court entered a Preliminary Order of Forfeiture, ordering Plaintiff to forfeit his interest in the Vehicle, *see Glover*, No. 6:18-cr-00588-TMC, Doc. 533 (D.S.C. Oct. 18, 2019). In the absence of any claims by third parties, the Preliminary Order of Forfeiture became the Final Order of Forfeiture on December 30, 2019. *See id.*, Doc. 574 (D.S.C. Dec. 30, 2019).

---

[4] In reviewing a 12(b)(6) dismissal motion, a court may "properly take judicial notice of matters of public record" without converting the dismissal motion into one for summary judgment. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Court filings are public records of which a federal court may take judicial notice. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006).

The Check, on the other hand, was administratively forfeited. On September 27, 2018, the DEA issued a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings regarding the Check. [Doc. 1-3.] The Check was ultimately administratively forfeited. *See Glover*, No. 6:18-cr-00588-TMC, Doc. 533 (D.S.C. Oct. 18, 2019) (Preliminary Order of Forfeiture, noting that the DEA administratively forfeited the Check around February 11, 2019).

## **DISCUSSION**

The Magistrate Judge recommends that the Moving Defendants' motion to dismiss (a) be granted with respect to the Vehicle because it was judicially forfeited in Plaintiff's criminal case and he waived his appeal rights by pleading guilty, and (b) be denied without prejudice with respect to the Check. [Doc. 55.] In his objections, Plaintiff primarily objects to certain statements in the Background section of the Report that have no bearing on the Report's ultimate conclusion that Plaintiff's claims with respect to the Vehicle fail as a matter of law. [Doc. 68 at 1–4.] Plaintiff also generally objects to the Report's conclusion that Plaintiff cannot challenge the Vehicle's forfeiture and relies on some inapplicable case law. [*Id.* at 4–5.] However, Plaintiff's objections fail to address the Magistrate Judge's legal analysis or conclusion that Plaintiff cannot collaterally challenge the criminal forfeiture of the Vehicle in this separate civil proceeding. [Doc. 55 at 10–12.] Instead, his objections focus on the Court's justification for the initial seizure. [Doc. 68 at 5.] Nonetheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law regarding the Vehicle. Upon such review, the Court accepts the Report with respect to the recommendation that the motion to dismiss be granted as to the Vehicle.

4

Neither party has objected to the recommendation that the Moving Defendants' motion to dismiss be denied without prejudice with respect to the Check.[5]  Having reviewed the Report, the record, and the applicable law regarding the Check, the Court finds no clear error.  Thus, the Court accepts the Report with respect to the recommendation that the motion to dismiss be denied without prejudice as to the Check.

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the Moving Defendants' motion to dismiss [Doc. 36] is GRANTED with respect to the Vehicle and DENIED without prejudice with respect to the Check.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

May 10, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] Although Plaintiff refers to the Check in his objections [Doc. 68 at 2–3], he does not object to the recommendation that the motion to dismiss be denied with respect to the Check.