UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tekoa Tobias Glover, ) | CA No. 6:22-cv-01895-JDA-MHC |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| United States of America, Drug Enforcement ) | |
| Agency, and D.E.A. Agent Farid Rajaee, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on a second Motion to Dismiss filed by Defendants United States of America, the Drug Enforcement Agency[1] ("DEA") and DEA Agent Farid Rajae[2] (collectively, "Defendants").[3] ECF No. 147. The Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' second Motion to Dismiss. Plaintiff filed a Motion for Extension of Time to file a Response in Opposition to the second

---

[1] Defendants caption their filings with the name "Drug Enforcement Administration." *See* ECF No. 36 at 1. Nevertheless, the party name in the above caption is what is reflected on CM/ECF.

[2] Defendants contend Agent Rajaee is not a proper defendant in this action because, in an official-capacity claim, the relief sought is only nominally against the official and, in fact, is against the officer's office and thus, the sovereign itself. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). They also emphasize that Plaintiff has not pled a claim pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Moreover, they argue, a *Bivens* claim against Agent Rajaee would fail as a matter of law. *See Singleton v. U.S. Dep't of Justice*, C/A No. 4:09-2720-RBH, 2009 WL 4730632, at *2, 4 (D.S.C. Dec. 4, 2009) (dismissing *Bivens* action for failure to state a claim; section 983(e) is the exclusive remedy for contesting a completed administrative forfeiture); *see also Egbert v. Boule*, 596 U.S. 482, 486 (2022) (noting a *Bivens* claim is unavailable "in all but the most unusual circumstances") The undersigned agrees and recommends Defendant Rajaee be dismissed from this case.

[3] Defendants' first Motion to Dismiss was granted, in part, and denied, in part, without prejudice. ECF No. 128.

1

Motion to Dismiss, which the Court granted. ECF Nos. 153, 155. Plaintiff did not file a Response in Opposition to the Second Motion to Dismiss.[4]

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e) and (f) (D.S.C.). Because the pending Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

## I.     BACKGROUND AND PROCEDURAL HISTORY

This action arises from the civil forfeiture of assets stemming from Plaintiff's criminal trial. Plaintiff seeks judicial review of the forfeiture of DEA Asset No. 18-DEA-643910 (Wells Fargo Check #18252 in the amount of $36,370.00, "Wells Fargo Check").[5] He alleges the Wells Fargo Check was seized in violation of his constitutional rights and the Civil Asset Forfeiture Reform Act of 2000 and seeks judicial review of Defendants' actions under the Administrative Procedure Act, 5 U.S.C. § 702. The facts are set forth in detail in the Report and Recommendation addressing Defendants' first Motion to Dismiss. ECF No. 55.

On June 15, 2022, Plaintiff filed the Complaint in this action. ECF No. 1. Plaintiff requests the return of the Wells Fargo Check. He asserts that Defendants did not timely provide him with notice of forfeiture. He also contends that, despite complying with all the administrative requirements to challenge the seizure, Defendants, in violation of his constitutional rights, have refused to return the assets.

On November 1, 2022, Plaintiff served Defendants with his Complaint. *See* ECF No. 28 at

---

[4] Plaintiff filed an earlier Memorandum, ECF No. 122, addressing subject matter jurisdiction, which is at issue in Defendants' second Motion to Dismiss.

[5] Plaintiff also sought judicial review of the forfeiture of DEA Asset No. 18-DEA-642188 (2012 Infiniti QX56). The Court granted Defendants' first Motion to Dismiss Plaintiff's claims regarding the Infiniti QX56. ECF No. 128.

1; ECF No. 28-1. On November 22, 2022, Plaintiff served Defendants with his First Set of Interrogatories and Requests for Admission. *See* ECF No. 28 at 1–2. Defendants moved to stay discovery. *See* ECF No. 28. On December 22, 2022, this Court granted Defendants' Motion to Stay Discovery. ECF No. 32.

On February 2, 2023, Defendants filed their first Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), asserting that this Court lacked subject matter jurisdiction and that Plaintiff had failed to state a claim upon which relief may be granted. ECF No. 36. Plaintiff filed a Response in Opposition and filed a Motion to Compel Discovery, arguing he needed documents from Defendants to adequately respond to the first Motion to Dismiss. ECF Nos. 48, 49. Defendants filed a Reply to Plaintiff's Response and a Response in Opposition to Plaintiff's Motion to Compel. ECF Nos. 53, 54.

The Court granted the first Motion to Dismiss, in part, and denied it in part, without prejudice. ECF No. 128. Additionally, the Court granted Plaintiff's Motion to Compel for the limited purpose of conducting discovery regarding the issues of subject matter jurisdiction and standing as to the Wells Fargo Check.[6] ECF No. 55. The permitted discovery has now been completed.

## II.  LEGAL STANDARD

Defendants move for dismissal of the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 147. A motion to dismiss under Rule 12(b)(1) represents a

---

[6] The Court allowed the parties to engage in discovery specifically on the issue of standing, ECF No. 55, so that the Court could determine whether it has subject matter jurisdiction in this case. *See In re Seizure of 2007 GMC Sierra SLE Truck, VIN: £2GTEK13C1715*, 32 F. Supp. 3d 710, 715–17 (D.S.C. 2014) (noting that with a factual challenge to standing, a trial court may go beyond the allegations of the complaint and determine if there are facts to support the jurisdictional allegations).

3

challenge to the Court's subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Lack of subject-matter jurisdiction may be raised at any time by a party or the court." *Hoblick v. United States*, 526 F. Supp. 3d 130, 132 (D.S.C. 2021), *aff'd,* No. 22-1430, 2023 WL 5275907 (4th Cir. Aug. 16, 2023). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Id*. at 133 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A federal court's subject matter jurisdiction is a threshold question that must be addressed before passing on the merits of a case. *Hensley v. City of Charlotte*, No. 21-2308, 2023 WL 1990298, at *2 (4th Cir. Feb. 14, 2023). Article III jurisdiction – including the requirement of Article III standing – is a restriction on a federal court's power to adjudicate a case. *Id.* (citing *B.R. v. F.C.S.B.*, 17 F.4th 485, 492 (4th Cir. 2021)). If jurisdiction is lacking, "the court cannot proceed at all in any cause; the only function remaining to the court is that of announcing the absence of jurisdiction and dismissing the cause." *Id.* (citations and internal quotation marks omitted).

### III.  DISCUSSION

Plaintiff seeks judicial review of the administrative forfeiture of the Wells Fargo Check. Specifically, Plaintiff alleges this asset was seized in violation of his constitutional rights and the Civil Asset Forfeiture Reform Act ("CAFRA") of 2000 and seeks judicial review of the DEA's actions under the Administrative Procedure Act, 5 U.S.C. § 702. Defendants argue this Court lacks subject matter jurisdiction over the administratively forfeited Wells Fargo Check because Plaintiff lacks standing to challenge the forfeiture. ECF No.147 at 13–15.

To establish Article III standing, a party "must have (1) suffered an injury in fact, (2) that

4

is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). In challenging a civil forfeiture, a plaintiff "must have an ownership or possessory interest in the property, 'because an owner or possessor of property that has been seized necessarily suffers an injury that can be redressed at least in part by return of the seized property.'" *United States v. Phillips*, 883 F.3d 399, 403 (4th Cir. 2018) (quoting *United States v. $17,900*, 859 F.3d 1085, 1090 (D.C. Cir. 2017)).

Plaintiff does not contend that he was the payor or payee on the Wells Fargo Check that was administratively forfeited. *See* ECF No. 1, p. 4, ¶ 3; *see also* ECF No. 147-32, Plaintiff's Responses to Defendant's First Set of Interrogatories and Admissions. Instead, Plaintiff contends the money reflected in the Wells Fargo Check was paid to the Law Office of Howard Weintraub (who turned over the funds to the DEA) by several friends and family members in separate payments, for the benefit of Plaintiff's legal representation by Mr. Weintraub.[7] ECF No. 147-32 at 2–3.

Specifically, Plaintiff avers the money was submitted to Mr. Weintraub by Ms. Brenda Davis, Ms. Hollie Davis, Jessica Wingard, Nayeisha Young, and Ulrick Thompson. ECF Nos. 147-19; 147-32 at 2. Plaintiff is unaware of the amount that each respective individual contributed and "can only attest to the $8,700 paid by Ms. Young," which he asserts was for the purchase of a 2011 Chevrolet Tahoe from Plaintiff on or around July 9, 2018, though the transfer of title occurred several weeks later. ECF No. 147-32 at 2, 7. Plaintiff contends the money paid by Ms. Young was his, as it was money from the sale of the Tahoe he owned. *Id.* at 3. Plaintiff has provided the VIN

---

[7] Defendant DEA notified Plaintiff that the friends and family members he identified were all sent Notices of Seizure, but none of them submitted any documents to support Plaintiff's position. ECF No. 147-28.

number for the Tahoe, but he has not produced any documentation corroborating the sale of the Tahoe from Plaintiff to Ms. Young, the sale price or that the alleged sale price matches the amount Ms. Young wired to Mr. Weintraub.[8] ECF No. 147-32 at 2.

Plaintiff claims that the money paid by Mr. Thompson stems from the purchase and sale of numerous vehicles belonging to Plaintiff by Mr. Thompson's employee, Mr. Fuller. *Id.* at p. 3. Plaintiff claims Mr. Fuller bought and sold approximately four vehicles belonging to Plaintiff. *Id.* Plaintiff has not provided the year(s), VIN(s), purchase date(s), purchase price(s), sale date(s), sale price(s), or purchaser information for these vehicles, nor any documents to support the same. *See* ECF No. 147-35. Defendants emphasize that Plaintiff has not provided any documentation to support his claims and highlights the Court's order that Defendants are "entitled to an inference that Plaintiff does not have documentation to support" his claim that some of the money at issue stems from the sale of four vehicles belonging to Plaintiff. ECF Nos. 147 at 15; ECF No. 144.

However, a lack of sales documentation is not equivalent to a lack of evidence. Plaintiff must support his "colorable interest" in the Wells Fargo Check with "some evidence beyond a mere assertion of ownership." *See Phillips*, 883 F.3d at 405; *see also Pooler v. Wilson*, 452 F. Supp. 3d 428, 435 (D.S.C. 2020) (citing *United States v. $7,000.00 in U.S. Currency*, 583 F. Supp. 2d 725, 729-730 (M.D.N.C. 2008)). The undersigned finds that he has done so.

Here, Plaintiff has submitted more than a "mere assertion" of ownership by way of sworn testimony in support of his claim to the money at issue, including through correspondence signed by Plaintiff that he attested as true "under penalty of perjury" and in answers to Requests for Admission served pursuant to Rule 36 of the Federal Rules of Civil Procedure. *See* ECF Nos. 147-

---

[8] The few records produced by Plaintiff only relate to his purchase of the Tahoe from the City of Rock Hill for $4,408.25—not $8,700.00. *See* ECF No. 147-34, Plaintiff's Response to Defendants First Requests for Production.

19; 147-32. Indeed, Defendant DEA sent its initial Notice of Seizure of Property to Plaintiff, indicating its seizure of the Wells Fargo Check and initiation of administrative forfeiture proceedings, and Plaintiff has repeatedly submitted sworn testimony claiming an interest in the funds. ECF Nos. 147-18; 147-19.

Ultimately, Defendants question the veracity of Plaintiff's testimony and his inability to provide documentation pertaining to the sale of certain vehicles. However, those arguments bear more on the underlying merits determination, as opposed to constitutional standing. *See $17,900.00*, 859 F.3d at 1091 (noting that courts should not "conflate the constitutional standing inquiry with the merits determination that comes later"). Plaintiff has presented some evidence supporting his position that the monies paid to Mr. Weintraub were for Plaintiff's legal representation and how he came to possess the property, specifically the money was either a gift or proceeds from the sale of assets owned by Plaintiff. *See Pooler*, 452 F. Supp. 3d at 435 (noting a claimant must show a plausible source of the funds). Moreover, as asserted by Plaintiff, the funds were for Plaintiff's benefit, and its seizure by Defendants prevented Plaintiff from hiring an attorney of his choice.[9] *See Spokeo, Inc.*, 578 U.S. at 338 (noting Article III standing requires a party to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

At this stage, Plaintiff has established standing as to the Wells Fargo Check. *See Pooler*, 452 F. Supp. 3d at 435 ("Where a plaintiff challenges a forfeiture of property, the burden of proof

---

[9] The undersigned takes judicial notice of Plaintiff's criminal case, where Plaintiff persistently argued the seizure of funds prevented him from hiring an attorney of his choosing, in violation of his Sixth Amendment rights. *See United States v. Glover*, 8 F.4th 239, 242–45 (4th Cir. 2021) (noting Plaintiff's repeated attempts to have a hearing as to the seized funds so he could hire an attorney, and noting "we are inclined to agree with [Plaintiff] that the district court ought to have timely set and conducted a *Farmer* hearing" to determine whether the funds were untainted).

is on the plaintiff to establish standing by a preponderance of the evidence."); see also *$17,900.00*, 859 F.3d at 1089–90 (noting the "requirements for a claimant to demonstrate constitutional standing to challenge a forfeiture are very forgiving" and that, generally, "any colorable claim on the property suffices"). Accordingly, Defendants' Motion to Dismiss for lack of jurisdiction should be denied.

## IV.    RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that Defendant Rajaee be dismissed as a defendant. It is further recommended that Defendants' second Motion to Dismiss (ECF No. 147) for lack of standing be **DENIED.**

Molly H. Cherry
United States Magistrate Judge

November 4, 2024
Charleston, South Carolina

**The parties are directed to the next page for their rights to file objections to this recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).