IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tekoa Tobias Glover, | ) | Case No. 6:22-cv-01895-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America; Drug Enforcement Agency, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motion for summary judgment and motion to depose Farid Rajaee. [Docs. 124; 189.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

On December 9, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion for summary judgment be granted in part and denied in part and that the action be dismissed. [Doc. 185.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 22.] On December 30, 2024, Plaintiff's objections to the Report were entered on the docket. [Doc. 192.]

---

[1] This caption represents the current parties in this litigation. As this Court previously noted [Doc. 128 at 1 n.1], Defendant Drug Enforcement Agency, as it is listed on the docket in this case, is properly identified as Drug Enforcement Administration (the "DEA").

On December 12, 2024, Plaintiff filed a motion to depose DEA agent Farid Rajaee. [Doc. 189.] Defendants filed a response in opposition to the motion on December 20, 2024. [Doc. 191.] Accordingly, the motion is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-

JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).  "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally."  *Martin*, 858 F.3d at 245.

## BACKGROUND

Plaintiff filed this action challenging the forfeitures of assets stemming from his criminal action.  [Doc. 1.]  The Complaint asserts that a 2012 Infiniti QX56 (the "Vehicle") and a Wells Fargo check in the amount of $36,370.00 (the "Check") were seized in violation of his constitutional rights and the Civil Asset Forfeiture Reform Act of 2000, and that this case seeks judicial review of the forfeitures under the Administrative Procedures Act and asks the Court to order that the property and currency be released to him with interest added.  [*Id.* at 1, 2, 4, 8.]  The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only a brief factual background.

Plaintiff was arrested in June 2018.  *See United States of America v. Glover*, No. 6:18-cr-00588-TMC, Doc. 46 (D.S.C. June 21, 2018).  On January 28, 2019, Plaintiff pled guilty to drug trafficking conspiracy and money laundering conspiracy charges.  *See id.*, Docs. 362–64 (D.S.C. Jan. 28, 2019).

On May 10, 2024, the Court granted Defendants' motion to dismiss with respect to the Vehicle because it was judicially forfeited in Plaintiff's criminal case and he waived his appeal rights by pleading guilty.  [Doc. 128; *see* Doc. 55.]  Accordingly, the only remaining claim in this case relates to the administrative forfeiture of the Check.

On August 28, 2018, the DEA issued a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings regarding the Check (the "First Notice"). [Doc. 130-19 at 1–2.]  The First Notice was returned to the DEA.[2]  [*Id.* at 3.]  On September 27, 2018, the DEA issued another Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings regarding the Check (the "Second Notice"). [Doc. 130-20 at 1–2.] On October 30, 2018, the DEA received a letter from Plaintiff, dated October 25, 2018, stating that he had an interest in the Check because it was money paid on his behalf for representation by attorney Howard Weintraub and asking that the money be returned to him.  [Doc. 130-23.]  In response, the DEA sent Plaintiff a letter, dated November 8, 2018, informing him that the DEA was unsure if Plaintiff's letter was intended to be a claim or a petition for remission or mitigation of forfeiture and giving him 20 days from the date he received the letter to file a valid claim or submit a petition.  [Doc. 130-24 at 1–2.]  The November 8 letter was returned to the DEA.  [*Id.* at 3.]  On December 21, 2018, the DEA sent the same letter to Plaintiff at the address for the Greenville County Detention Center ("GCDC").  [Doc. 130-25.]  Someone at GCDC signed for the letter on December 26, 2018.  [*Id.* at 2.]

On January 22, 2019, the DEA received a letter from Plaintiff, dated January 10, 2019, and postmarked January 16, 2019, declaring under penalty of perjury, "I now write you claiming the [Check].  I have a property interest in the money seized by Howard Weintraub and turned over to the DEA."  [Doc. 130-26.]  In response, the DEA sent Plaintiff a letter, dated January 31, 2019, informing him that his claim was being returned

---

[2] As the Magistrate Judge explained, during the period when the DEA was sending correspondence to Plaintiff, he was transferred between institutions multiple times, which resulted in returned mail.  [Doc. 185 at 3–4.]

because it was received after the last date to file, which was January 15, 2019. [Doc. 130-27.] The DEA also allowed Plaintiff 20 days to file a petition for remission and/or mitigation. [*Id.*] The Check was ultimately administratively forfeited. *See Glover*, No. 6:18-cr-00588-TMC, Doc. 533 (D.S.C. Oct. 18, 2019) (Order noting that the DEA administratively forfeited the Check around February 11, 2019).

On April 9, 2019, the DEA received a petition for remission or mitigation from Plaintiff, dated March 27, 2019, and postmarked April 5, 2019. [Doc. 130-28.] On April 22, 2019, the DEA denied Plaintiff's petition for remission or mitigation. [Doc. 130-30.] Plaintiff subsequently requested reconsideration, which the DEA denied. [Docs. 130-31; 130-32.]

## DISCUSSION

**The Report and Plaintiff's Objections**

The Magistrate Judge recommends that Plaintiff's motion for summary judgment be granted to the extent it seeks to set aside the declaration of administrative forfeiture without prejudice and denied to the extent it seeks return of the Check and interest. [Doc. 185.] More specifically, the Magistrate Judge concluded that Plaintiff timely submitted an administrative forfeiture claim to the DEA on January 10, 2019,[3] but that the Court does not have the authority to return the Check and instead may vacate or set aside

---

[3] The Magistrate Judge concluded that the prison mailbox rule, which deems a prisoner's pleading filed at the moment it is placed in the prison mail system, *Houston v. Lack*, 487 U.S. 266, 270 (1988), applies to Plaintiff's administrative forfeiture claim and found that there was no evidence to contradict Plaintiff's assertion that he complied with the standard procedure for outgoing mail by placing the letter in the door flap of his cell on January 10, 2019. [Doc. 185 at 16–19.]

5

the declaration of administrative forfeiture and permit the administrative process to continue as if the claim had been timely filed.[4]  [*Id.* at 15–20.]

In his objections, Plaintiff repeatedly contends that the Report erroneously concluded that he lacks standing to challenge the forfeiture of the Check.  [Doc. 192.]  However, the Report did not conclude that Plaintiff lacks standing to challenge the administrative forfeiture.  [*See* Doc. 185.]  Accordingly, the Court overrules this objection.[5]

Plaintiff also argues that the Report failed to recognize that the seized funds have a documented, legitimate origin and cannot reasonably be tied to illegal activities and, thus, the DEA failed to meet its burden of proof.  [Doc. 192 at 1–2.]  However, as an initial matter, the Report did not conclude that the government met any burden of proof and did not conclude that the funds were tied to illegal activities.  [*See* Doc. 185.]  Indeed, the Report stated that "[i]t is not for this Court to address whether the funds at issue were ill-gotten."  [*Id.* at 13.]  Instead, the Report correctly recognized that once an administrative forfeiture is completed, federal courts may review "the procedures followed by the seizing agency in the administrative forfeiture proceeding to ensure they protected and satisfied the property owner's due process rights" but "do not have subject matter jurisdiction to review the underlying merits of the forfeiture."  [*Id.* at 10, 11.]  Because this objection

---

[4] The Magistrate Judge thoroughly outlined the administrative forfeiture process and noted that, "after accepting Plaintiff's claim as timely filed, the DEA has the option either to return the funds at issue to Plaintiff or to initiate a judicial forfeiture action."  [Doc. 185 at 8–10, 20.]

[5] Plaintiff's argument that the Report is inconsistent is likewise overruled because it is based on Plaintiff's contention that the Magistrate Judge concluded he lacks standing to challenge the forfeiture.  [Doc. 192 at 2.]

6

addresses the merits of the administrative forfeiture, which the Court lacks jurisdiction to decide, it is overruled.

Finally, Plaintiff argues that the Report failed to fully consider the deprivation of his Sixth Amendment right to counsel of choice. [Doc. 192 at 2–3.] But Plaintiff did not allege a violation of his Sixth Amendment right to counsel of choice in his Complaint. [*See* Doc. 1.] Accordingly, this objection is also overruled. *Saylors v. Hartford*, No. 6:11-1414-HMH, 2011 WL 3704010, at *3 (D.S.C. Aug. 23, 2011) ("The liberal pleading standard does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." (internal quotation marks omitted)).

The Court has conducted a de novo review of the Report, the record, and the applicable law. Having conducted such review, the Court agrees with the reasoning and recommendations of the Magistrate Judge. As such, Plaintiff's motion for summary judgment is granted in that the Court sets aside the declaration of forfeiture of the Check without prejudice to the Government's right to commence a subsequent forfeiture proceeding, *see* 18 U.S.C. § 983(e)(2)(A), but the motion is denied to the extent it seeks return of the Check.

**Motion to Depose Farid Rajaee**

In his motion, Plaintiff seeks an order from the Court allowing him to depose Rajaee, asserting that "Rajaee's testimony is material and necessary to establish facts regarding the events at issue in this case." [Doc. 189 at 1.] Defendants oppose the motion because Rajaee is no longer a party to this action and thus would need to be

served by a proper subpoena,[6] the discovery deadline has expired, and any deposition should be stayed until the Court rules on the Report. [Doc. 191.] Because the Court has resolved all claims raised in Plaintiff's Complaint, no further discovery is needed. Therefore, Plaintiff's motion to depose Rajaee is moot.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Plaintiff's motion for summary judgment [Doc. 124] is GRANTED IN PART and DENIED IN PART. The motion is granted in that the Court sets aside the declaration of forfeiture of the Check without prejudice to the Government's right to commence a subsequent forfeiture proceeding but the motion is denied to the extent it seeks return of the Check to Plaintiff. Additionally, Plaintiff's motion to depose Farid Rajaee [Doc. 189] is FOUND AS MOOT. Finally, because the Court has resolved all claims raised in Plaintiff's Complaint, the Clerk is directed to terminate this action.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

May 27, 2025
Greenville, South Carolina

---

[6] Rajaee was initially a Defendant in this case. [Doc. 1.] However, on December 3, 2024, Rajaee was dismissed from the case. [Doc. 180.] Given that Plaintiff's motion to depose Rajaee was dated December 9, 2024 [Doc. 189 at 3], and that Plaintiff refers to Rajaee as "Defendant Rajaee" throughout the motion [*id.* at 1–3], it is likely Plaintiff did not know Rajaee had been dismissed from the case when he filed the motion to depose Rajaee.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.